**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Swagelok Company,** | ) | **CASE NO. 1:05 CV 2322** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Dansk Ventil & Fittings ApS, et al.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendants. | ) | |

### INTRODUCTION

This matter is before the Court upon Defendants' Motion to Limit Plaintiff's Discovery in Connection with Pending Motion to Dismiss for Lack of Personal Jurisdiction, for lack of Proper Service, and for Lack of Subject Matter Jurisdiction (Doc. 20). This is a defamation case. For the reasons that follow, the motion is GRANTED.

### FACTS

Plaintiff, Swagelok Company, is an Ohio corporation. Defendants, Dansk Ventil & Fittings ApS and Leif Zimsen, are both citizens of Denmark. According to the complaint, defendant "published" the following letter,

1

> Thank you for your letter dated 21 October 2004.
>
> In the above-mentioned letter you do not decline the fact that Swagelok Company has sold Products to a nuclear station in India, which I s [sic] violation of US Embargo Rules. I therefore assume that you knew that Swagelok in fact has sold products to the nuclear station in India.
>
> Regarding your comments about communicating directly to you or Swagelok personnel, I can inform you, that I myself decide to whom I wish to communicate.*
>
> Leif H. Zimsen
>
> - Parker Hannifin
> - FBI
> - CIA
> - Circor

The letter was sent to plaintiff's counsel. In addition, plaintiff alleges in its complaint that "upon information and belief, defendants engaged in tortious and defamatory conduct within the State of Ohio and within this District." Plaintiff asserted various causes of action based on the "publication" of this letter.

Defendants filed a motion to dismiss the complaint based on, among other things, lack of personal jurisdiction. Defendants attached to their motion an affidavit from Zimsen, who avers that the letter was not sent to anyone other than plaintiff or its representatives. As such, defendants have absolutely no ties to this district.

Defendants move to limit plaintiff from conducting certain discovery in connection with formulating their response to defendants' motion to dismiss. Specifically, defendants argue that they should not be subjected to discovery because plaintiff has failed to make even a *prima facie* showing that this Court has personal jurisdiction over these Danish citizens. Plaintiff opposes the motion.

> Thank you for your letter dated 21 October 2004.
>
> In the above-mentioned letter you do not decline the fact that Swagelok Company has sold Products to a nuclear station in India, which I s [sic] violation of US Embargo Rules. I therefore assume that you knew that Swagelok in fact has sold products to the nuclear station in India.
>
> Regarding your comments about communicating directly to you or Swagelok personnel, I can inform you, that I myself decide to whom I wish to communicate.*
>
> Leif H. Zimsen
>
> - Parker Hannifin
> - FBI
> - CIA
> - Circor

The letter was sent to plaintiff's counsel. In addition, plaintiff alleges in its complaint that "upon information and belief, defendants engaged in tortious and defamatory conduct within the State of Ohio and within this District." Plaintiff asserted various causes of action based on the "publication" of this letter.

Defendants filed a motion to dismiss the complaint based on, among other things, lack of personal jurisdiction. Defendants attached to their motion an affidavit from Zimsen, who avers that the letter was not sent to anyone other than plaintiff or its representatives. As such, defendants have absolutely no ties to this district.

Defendants move to limit plaintiff from conducting certain discovery in connection with formulating their response to defendants' motion to dismiss. Specifically, defendants argue that they should not be subjected to discovery because plaintiff has failed to make even a *prima facie* showing that this Court has personal jurisdiction over these Danish citizens. Plaintiff opposes the motion.

**ANALYSIS**

"At a minimum, the plaintiff must establish a colorable or prima facie showing of personal jurisdiction before discovery should be permitted." *Central States, Southeast and Southwest Area Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 946 (7th Cir. 2000). Thus, while discovery is normally freely allowed, "[w]hen a plaintiff offers only speculation or conclusory assertions about contacts with a forum state, a court is within its discretion in denying discovery." *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc.*, 334 F.3d 390, 402 (4th Cir. 2003). Where, however, "pertinent facts bearing on the question of jurisdiction are in dispute, discovery should be allowed." *America West Airlines, Inc. v. GPA Group, Ltd.*, 877 F.2d 793, 801 (9th Cir. 1989). The decision to limit jurisdiction discovery rests within the sound discretion of the trial court. "A ruling by the trial court limiting or denying discovery will not be cause for reversal unless an abuse of discretion is shown." *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981).

Defendants argue that plaintiff fails to establish a *prima facie* case of personal jurisdiction and, as such, jurisdictional discovery should be denied. According to defendants, plaintiff fails to offer any support, by affidavit or otherwise, for its contention that defendants published the letter to a third party in the State of Ohio. Defendants further argue that plaintiff, who suggests in its briefing that the letter may have been sent to Parker Hannifin in Ohio, refuses to take discovery of this entity. In addition, defendants attach the affidavit of Zimsen, who avers that the letter was not sent to anyone other than plaintiff or its representative. Zimsen avers that the entities set forth in bullet points correlate to the asterisk, and were intended to inform plaintiff that it could not prevent defendants from contacting these entities if they so

3

choose.  He further points out that the entities listed below the asterisk are not shown as "ccs."

Given the lack of any indication that defendants had any contact with Ohio, plaintiff cannot

make out a *prima facie* showing of personal jurisdiction.  In addition, defendants point out that

they are located in Denmark, yet plaintiff seeks to take Zimsen's deposition in Ohio.[1]

Plaintiff argues that it should be permitted to test the assertions set forth in the affidavit.

In addition, plaintiff claims that the allegations contained in the complaint are sufficient to

establish a *prima facie* case of personal jurisdiction.  Plaintiff further points out that counsel for

the defendants previously agreed to the deposition.  Plaintiff asks that the Court hold defendants

to this agreement.

Upon review, the Court finds that Zimsen is not required to appear for a deposition in

Ohio.  In this case, plaintiff's sole allegation regarding personal jurisdiction consists of the

following,

- This Court has personal jurisdiction over Defendants because, upon information and belief, Defendants engaged in tortious and defamatory conduct within the State of Ohio and within this District.

The Court finds that this allegation is insufficient to establish a *prima facie* case of

personal jurisdiction.  Rather, it amounts to a bare assertion, which plaintiff is apparently unable

to support with either additional allegations or affidavits.

Although in its initial complaint, plaintiff alleged that "defendants published the subject

letter without privilege to a third-party within the State of Ohio," no such comparable allegation

---

[1] Plaintiff is willing to take the deposition in Denmark, provided the Court allows discovery into the substantive claims in addition to personal jurisdiction.  The Court finds that substantive discovery would be inappropriate at this time.

4

appears in the amended complaint. Rather, the allegation was amended to delete any reference to the State of Ohio. In addition, while the initial complaint affirmatively averred that the letter was published to third persons, the amended complaint merely alleges that "upon information and belief" the letter was published to third persons.

In its brief in opposition, plaintiff attempts to argue that, by attaching the letter to the complaint, it is alleging that defendants sent the letter to Parker Hannifin, which is located in Ohio. The Court has carefully reviewed the letter and the complaint, and finds that plaintiff's argument must be rejected. As an initial matter, there is nothing on the face of the letter remotely indicating that plaintiff sent the letter to anyone other than the addressee.[2] In addition, Parker Hannifin maintains offices all over the world and plaintiff does not allege that defendants sent this letter to Parker Hannifin's Ohio office.

The Court recognizes that limiting jurisdictional discovery may put the plaintiff at somewhat of a disadvantage in that establishing personal jurisdiction without the benefit of discovery may prove difficult. This, however, must be balanced with the right of an international defendant to avoid the burden and expense of discovery where plaintiff is unable to allege jurisdictional facts other than "on information and belief," and in a conclusory fashion. Based on the facts of this case, the Court finds that defendants' interests outweigh those of the plaintiff. Plaintiff has not set forth a *prima facie* case of personal jurisdiction and, thus, is not

---

[2] In his affidavit, Zimsen claims that the letter was sent via email and copies were sent to plaintiff's attorney and one of plaintiff's employees.

entitled to depose Zimsen in Ohio.[3]

The Court further rejects plaintiff's argument that the Court should allow the deposition because counsel for defendants previously agreed that the deposition could proceed.  In response to plaintiff's contention, defendants claim that the parties were discussing taking Zimsen's deposition on the substantive issues in the case in the event the case proceeded.  The Court finds that, even if defense counsel agreed to the deposition with regard to substantive issues, defendants did not waive their right to assert lack of personal jurisdiction as a defense and, correspondingly, did not waive the right to contest jurisdictional discovery.

**CONCLUSION**

For the foregoing reasons, Defendants' Motion to Limit Plaintiff's Discovery in Connection with Pending Motion to Dismiss for Lack of Personal Jurisdiction, for lack of Proper Service, and for Lack of Subject Matter Jurisdiction is GRANTED.

IT IS SO ORDERED.

    s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 3/9/06

---

[3] The Court wonders what benefit plaintiff expects to derive from deposing Zimsen.  In his affidavit he clearly and unequivocally testifies that he did not send the letter to anyone other than plaintiff or its representative.